BELL, J.,
dissenting.
I respectfully dissent to the discharge of this case. I agree that the Miranda forms are substantially different. However, I do not believe that this difference is material to the express holdings in the cases. In other words, this factual distinction does not negate the express and direct conflict between the holding in Gillis and the holdings in Ripley and West. There is interdis-trict conflict concerning whether Miranda requires that an accused be advised that he or she may terminate questioning at any time. See Gillis, 930 So.2d at 806 (holding that the Miranda rights form was not legally inadequate and that Gillis was *195 properly advised of his rights “because the Miranda form used informs the accused that he/she does not have to answer any questions posed by the officer, [and] implicit in this warning is the fact that the accused may invoke his right to remain silent at any time during the interrogation or to terminate further questioning during the interrogation”); but see Ripley, 898 So.2d at 1081 (holding that Miranda rights form was legally inadequate in part because the Miranda warning “did not advise Ripley ... that he could stop the interrogation at any time during questioning”); West, 876 So.2d at 616 (holding that appellant’s confession should be suppressed, in part, because the Miranda rights form was inadequate to inform the appellant “that she could stop the interrogation at any time”). The decisions from the Fourth District also expressly and directly conflict with this Court’s decision in Brown v. State, 565 So.2d 304, 306 (Fla.1990) (holding, in part, that the Miranda rights form was legally sufficient although it did not mention the right to terminate questioning, because “[t]he right to cut off questioning is implicit in the litany of rights which Miranda requires to be given to a person being questioned [but] is not ... among those that must be specifically communicated to such a person”), abrogated on other grounds by Jackson v. State, 648 So.2d 85 (Fla.1994). Given this clear decisional conflict, I would retain jurisdiction and decide this important issue.